79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas E. NEAL, Petitioner-Appellant,
v.
Philip W. PARKER, Respondent-Appellee.
 No. 95-5857.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1996.
 
 Before: JONES, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Thomas E. Neal appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, petitioner pleaded guilty to four counts of third-degree burglary, one count of second-degree burglary, and one count of theft by unlawful taking over $100 in the Jefferson County, Kentucky, Circuit Court in 1986. Petitioner was sentenced to four concurrent 3 year terms of imprisonment for the third-degree burglary counts, a consecutive 5 year sentence for the second-degree burglary count, and a concurrent 1 year sentence for the theft count. In 1991, petitioner filed a motion to vacate the sentences in the sentencing court, alleging as grounds for relief that: (1) he received ineffective assistance of counsel; (2) he was incompetent to enter the guilty pleas; and (3) there is no factual basis for the guilty pleas. The sentencing court denied the motion, and the Kentucky Court of Appeals affirmed the judgment. The Kentucky Supreme Court denied petitioner leave to appeal.
 
 
 3
 Next, petitioner filed his habeas petition in the district court, alleging that: (1) he received ineffective assistance of counsel; (2) he was incompetent to enter the guilty pleas; (3) there is no factual basis for the guilty pleas; and (4) he was denied due process in the state courts. Respondent moved to dismiss the petition or for summary judgment, and petitioner responded in opposition. The district court granted summary judgment for respondent. Petitioner filed a timely notice of appeal, and the district court granted petitioner a certificate of probable cause.
 
 
 4
 On appeal, petitioner reiterates the claims he asserted in the district court. Respondent has notified the court that he does not intend to submit a brief on appeal. Upon consideration, it is concluded that petitioner cannot show a fundamental defect in the state court proceedings warranting habeas corpus relief for the reasons stated by the district court in its memorandum opinion entered June 1, 1995. Essentially, the record reflects that petitioner's pleas were voluntary, knowing, and intelligent under the totality of the circumstances. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 749 (1970).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.